Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 50282 | DATE | 4/18/2002 |
| CASE TITLE | ARACHNID, INC. vs. VALLEY RECREATION PRODUCTS, INC., | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to reconsider is granted in part and denied in part. The Court also allows defendants' sur-reply and Arachnid's sur-rebuttal.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | APR 18 2002 | |
| | Notified counsel by telephone. | | date docketed | 196 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 APR 18 PM 2:30 | 4-18-02 | |
| /SEC | courtroom deputy's initials | FILED-WD | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

On December 27, 2001, this Court entered an Order addressing ten pending motions, one of which was Arachnid's motion for judgment on the pleadings, filed pursuant to FED.R.CIV.P. 12(c). Arachnid has filed a motion to reconsider the Order, arguing the Court erred in two respects: (1) the Court incorrectly dismissed Valley Recreation Holding from the lawsuit; and, (2) the Court improperly applied precedent in determining that Fenway Holdings is not a "transferee" within the meaning of the Illinois Uniform Fraudulent Transfer Act ("IUFTA"), 740 ILL. COMP. STAT. 160/1 et seq.. The appropriate vehicle for addressing Arachnid's motion is Rule 59(e). See Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).

In its December 27, 2001 Order, this Court held Arachnid was too late in adding Valley Recreation Holding to this lawsuit because of the one-year limitations period applicable to insider preference claims, 740 ILL. COMP. STAT. 160/6(b), 10(c), and dismissed Valley Recreation Holding from this lawsuit. See Order, pp. 15-18. Arachnid asserts it is alleging other claims under the IUFTA against Valley Recreation Holding which are subject to a four-year limitations period. Arachnid's Rule 12(c) motion did not make this clear, see Order, p. 13 n.3, but based on its clarification, the court reinstates Valley Recreation Holding with respect to any other IUFTA claims.

Regardless, any insider preference claim remains a dead letter. Arachnid argues defendants fraudulently concealed an insider preference claim, thus tolling the one-year limitations period. At the outset it should be noted that Arachnid seeks to invoke the doctrine of equitable estoppel, meaning defendants took active steps to prevent it from suing in time, rather than the doctrine of equitable tolling, which permits a plaintiff to avoid a limitations bar if, despite the exercise of all due diligence, it is unable to obtain key information. See Shropshear v. Corporation Counsel of the City of Chicago, 275 F.3d 593, 595 (7th Cir. 2001). The record overwhelmingly shows Arachnid knew or should have known to amend its pleadings to add Valley Recreation Holding to this lawsuit long before it actually did. Valley Recreation Holding was first added as a defendant on September 26, 2000, when Arachnid filed its second amended complaint. Yet, Arachnid admits it knew of the Valley-Dynamo transaction in mid-April 1999. (2d Am. Compl. ¶ 37) It knew of the March 12, 1999 transaction – and Valley Recreation Holding's role – by at least December 1999, when the parties met to discuss possible settlement, during which time the March 12, 1999 transaction was discussed in detail. (Jt. LR 56.1(a) ¶¶ 113-22, Exh. Z, Cross Aff., ¶¶ 1-8 & attached exhs., Exh. BB, Arachnid Admissions) Finally, Arachnid admits it knew of the Lowen transaction within one month after it occurred. (2d Am. Compl. ¶¶ 41-42) Arachnid's true argument is that defendants engaged in stall tactics during discovery which prevented it from learning the true nature of the transactions. (Arachnid's Resp. to VH's Summ. J. Mot. at 10-11) Such conduct, which Arachnid itself calls "gamemanship" (Id. at 10), is of the sort which should have been addressed with the Magistrate Judge long before Arachnid filed its second amended complaint. In short, there are no genuine issues of material facts and the Court finds Arachnid's fraudulent concealment claim is rejected. See McIntosh v. Cueto, 752 N.E.2d 640, 645 (Ill. App. Ct. 2001); Nickels v. Reid, 661 N.E.2d 442, 446-47 (Ill. App. Ct. 1996).

By reinstating Valley Recreation Holding, the Court also re-evaluates its motion for summary judgment (along with Arachnid's response brief, Valley Recreation Holding's reply brief and the LR 56.1 statements of fact, of course). The Court finds questions of fact exist regarding whether the Valley-Dynamo transaction, March 12, 1999 transaction and Lowen transaction constitute fraudulent conveyances under the IUFTA as to Valley Recreation Holding.

Arachnid also argues the Court erred when it decided Fenway Holdings was not a first transferee or entity for whose benefit the March 12, 1999 transfer was made within the meaning of the IUFTA. Arachnid argues Fenway Holdings benefitted from the transfer because it owns Valley Recreation and by transferring the partnership interest, it prevented the asset from being used to satisfy any judgment Valley Recreation could owe Arachnid. The Court continues to adhere to its position that this possibility does not render Fenway Holdings an "entity for whose benefit the transfer was made" as interpreted by the Seventh Circuit in Bonded Fin. Serv., Inc. v. European Amer. Bank, 838 F.2d 890, 896 (7th Cir. 1988). The Court also rejects Arachnid's attempt to argue Fenway Holdings was a first transferee with respect to the Valley Dynamo and Lowen transactions, as merely a rehash of old arguments.

The Court has also considered and allows defendants' sur-reply and Arachnid's sur-rebuttal for the limited purpose of clearing up some confusion regarding its December 27, 2001 Order. Therein, the Court held Arachnid failed to produce evidence of fraud with respect to the sale of Valley Recreation's remaining assets to Lowen. Order at 27. However, questions of fact exist as to whether the transfer of the $4.25 million in proceeds (as the Court pointed out in its Order, no one has explained where the money went) to whatever entity was a fraudulent conveyance under the IUFTA.